UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Phillip Gerald Hunt, Jr., <br>     Plaintiff, <br> v. <br> Anabi Oil Corporation, <br>     Defendant(s). | Case No. 2:25-cv-01848-NJK[1] <br><br> **Order** <br><br> [Docket No. 1] |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

**I.    *In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] This case is proceeding before the undersigned magistrate judge pursuant to the opt-out consent program. *See* Docket Nos. 2-3.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

The complaint here brings two federal causes of action, one for discrimination under Title III of the ADA and one for retaliation under Title III of the ADA. The Court begins with the discrimination claim. "Title III of the ADA prohibits discrimination by public accommodations." *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1009 (9th Cir. 2017) (citation omitted). To state a discrimination claim under Title III, a plaintiff must allege facts showing that: (1) he is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) plaintiff was denied public accommodations by the defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). As to the denial of public accommodations, the complaint in this case alleges that a store employee asked impermissible questions regarding Plaintiff's service dog. *See id.* at ¶¶ 8-10. While the ADA does limit the permissible inquiries into service animals, *see Grill v. Costco Wholesale Corp.*, 312 F. Supp. 2d 1349, 1352 (W.D. Wash. 2004); *see also, e.g., Davis v.*

2

*SeaWorld Parks & Ent., Inc.*, 2023 WL 4763451, at *12 (M.D. Fla. July 25, 2023), the complaint does not actually identify the impermissible questions that were posed, *see* Docket No. 1-1 at ¶¶ 8-10. The Court cannot accept a legal conclusion that impermissible questions were asked. *Iqbal*, 556 U.S. at 678-79. Under Rule 8, the complaint must allege the facts that support the claims, *cf. McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996), which by necessity here includes alleging the questions that were asked. As such, the complaint fails to state a claim for discrimination.

With respect to Plaintiff's ADA retaliation claim, a plaintiff must allege facts showing that: (1) he engaged in protected activity, (2) an adverse action was taken against him, and (3) there was a causal connection between the adverse action and the protected activity. *Robinson v. Bay Club Los Angeles, Inc.*, 2022 WL 2167457, at *13 (C.D. Cal. Feb. 18, 2022). Plaintiff's complaint does not allege facts showing that the actions taken in September 2025 were causally related to the underlying incident from April 2025 or to the complaints about the April 2025 incident that were lodged in May 2025.[2] Without such a nexus, the complaint also fails to state an ADA retaliation claim.[3]

Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice.[4] Plaintiff is given leave to file an amended complaint.

**III.   Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff is not required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs

---

[2] The complaint states a legal conclusion that there was causation, Docket No. 1-1 at ¶ 30, but it has not alleged facts sufficient to show causation.

[3] Several courts within the Ninth Circuit have found that an ADA retaliation claim cannot be stated without a sufficient underlying ADA discrimination claim. *See, e.g.*, *Ydigoras v. Costco Wholesale Corp.*, 2025 WL 3456579, at *5 (S.D. Cal. Dec. 2, 2025). Given the lack of a causal nexus alleged in the complaint, the Court need not reach that issue.

[4] The Court addresses herein Plaintiff's federal causes of action because it is not clear that the Court would assume supplemental jurisdiction over the state law claims if no federal cause of action is stated. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

3

or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **February 9, 2026**, to file an amended complaint. Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: January 12, 2026

_____
Nancy J. Koppe
United States Magistrate Judge