UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHILLIP GERALD HUNT, JR., | Case No. 2:25-cv-01848-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| ANABI OIL CORPORATION, | |
| Defendant. | |

## I.    SUMMARY

Plaintiff Phillip Gerald Hunt, Jr., brings this action against Defendant Anabi Oil Corporation. (ECF No. 1-1 ("Complaint").) The Court screened Plaintiff's Complaint, found that Plaintiff failed to state a federal claim, and dismissed Plaintiff's Complaint without prejudice with leave to file an amended complaint by February 9, 2026. (ECF No. 7.) Plaintiff failed to timely file an amended complaint. Accordingly, United States Magistrate Judge Nancy J. Koppe issued a Report and Recommendation recommending dismissal of this case without prejudice. (ECF No. 10 ("R&R").) Plaintiff untimely filed an Objection to the R&R (ECF No. 11), which the Court construed as a request for an extension of time to file an amended complaint and granted, giving Plaintiff up to and including April 23, 2026 to file an amended complaint (ECF No. 12 ("Order")). That deadline expired and Plaintiff did not file an amended complaint, move for an extension, or otherwise respond.

## II.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

2

unless Plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's Order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered the dismissal factors, the Court finds that they weigh in favor of dismissal.

**III.     CONCLUSION**

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with the Court's March 26, 2026 order (ECF No. 12).

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 22nd Day of May 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3